UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE

```
*************************************
                                    *
Lori G. DeLeo,                      *
                                    *
        Plaintiff                   *         COMPLAINT
                                    *         Jury Trial Requested
v.                                  *
                                    *
Citizens Financial Group, Inc.,     *
                                    *
        Defendant                   *
                                    *
*************************************
```

NOW COMES the plaintiff, Lori G. DeLeo, by and through her attorneys Douglas, Leonard & Garvey, P.C., and respectfully submits the within Complaint, stating as follows:

**I.      Parties**

1.      The plaintiff Lori DeLeo is a former employee of the defendant and resides at 19 Upstone Drive, Nashua, New Hampshire 03063.

2.      The defendant Citizens Financial Group, Inc. (Citizens) is a Delaware corporation with a principal place of business at 1 Citizens Plaza, Providence, Rhode Island 02903.

**II.     Jurisdiction and Venue**

3.      The Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. §2617(a)(4).  The Court has personal jurisdiction over the defendant because it transacts business within the State.

4.      Venue is proper because the acts and omissions giving rise to this lawsuit occurred within this judicial district.

### III.    Facts

5.      Ms. DeLeo began her employment with the defendant on or about June 14, 1999, as an Assistant Manager.  A year later, the defendant promoted Ms. DeLeo to Assistant Branch Manager, II, Officer.  On or about August 1, 2001, the defendant again promoted Ms. DeLeo, giving her the position of Branch Manager I.  Ms. DeLeo received another promotion, to the position of Branch Manager II, in 2005.  Finally, in or around September of 2016, the defendant promoted Ms. DeLeo to the position of Vice President, Business Banking Relationship Manager—Nashua.

6.      As reflected by her repeated promotions, Ms. DeLeo performed well for the defendant.  She also experienced success in her most recent role as a Business Banking Relationship Manager.  Ms. DeLeo's supervisor, Laura Cortese, wrote in Ms. DeLeo's 2016 Year End Review, "so far an amazing start to a promising career for Lori."  In Ms. DeLeo's 2017 Midyear Review, Ms. Cortese praised Ms. DeLeo, writing: "Overall, Lori manages internal and external relationships well"; "She is well liked by all and a team player"; and "I am very proud of her!  Lori is new to business banking and a nice addition to the team."  At a Citizens Bank Business Banking Leadership Conference that occurred in Boston, Massachusetts, on or about February 27 and February 28 of this year, Ms. DeLeo was recognized as a top performer in customer satisfaction.

7.      On or about January 31, 2018, Ms. DeLeo submitted an application to exercise her right to intermittent FMLA leave to care for her mother, who was suffering with a serious health condition. Exhibit A.  Pursuant to the defendant's instructions, Ms. DeLeo submitted her application for leave to Cigna because the defendant retained Cigna to address employee leave applications on its behalf.  Ms. DeLeo stated in her application that she would need intermittent

leave beginning January 31, 2018, and continuing through July 31, 2018.  Id.  In support of the application for leave, the doctor treating Ms. DeLeo's mother wrote that Ms. DeLeo's mother had metastatic cancer.  Id.  "Her disease is progressing," the doctor stated.  "She will require physical and emotional support from her daughter."  Id.

8. When Ms. DeLeo's supervisor learned of her application for FMLA leave, the supervisor reacted with hostility.  Ms. Cortese called Ms. DeLeo on or about January 31, 2018, and said words to the effect, "I'm completely surprised and caught off guard.  I don't understand where this is coming from.  I don't know anything about this FMLA."

9. Taken aback by Ms. Cortese's negative reaction to Ms. DeLeo's application for FMLA leave, Ms. DeLeo contacted the defendant's Retail Director for Business Banking South, Kim Pope, on or about February 1, 2018.  Ms. Pope said words to the effect, "I don't know much about FMLA either.  We'll have to look into this and see what you are entitled to."

10. Ms. DeLeo met with her supervisor Ms. Cortese on or about February 6, 2018, regarding her application for FMLA leave.  Ms. DeLeo expressed her concern that Ms. Cortese did not support Ms. DeLeo's efforts to exercise her FMLA leave rights.

11. Ms. Cortese abruptly changed the topic of the conversation to purported concerns about Ms. DeLeo's performance that Ms. Cortese had never previously addressed with Ms. DeLeo.  Ms. Cortese announced that she had observed a decline in Ms. DeLeo's performance over the last few weeks.  Ms. Cortese informed Ms. DeLeo that she had reached out to customers just the day before regarding Ms. DeLeo's performance and that the feedback had supposedly not been good.  Ms. Cortese also punished Ms. DeLeo by reassigning one of her loan accounts to another employee.

12. As stated above, three weeks <u>after</u> Ms. Cortese transformed a conversation about Ms. DeLeo's FMLA leave into a discussion about supposed (and previously unmentioned) performance concerns, the defendant recognized Ms. DeLeo as a top performer in customer satisfaction.

13. By notice dated February 15, 2018, Cigna approved Ms. DeLeo's application for intermitted FMLA leave, running from January 31, 2018, through July 30, 2018.  Exhibit B.

14. On or about March 5, 2018, Ms. DeLeo received an e-mail in which the defendant advised her that she was being investigated for "account incentive fraud."  The defendant accused Ms. DeLeo of never having met with a particular customer with whom she had been scheduled to meet on January 2, 2018.  Ms. DeLeo pointed out that she had done exactly what she should have done with respect to this meeting.  The customer had canceled the meeting, and Ms. DeLeo had removed the meeting from her Outlook calendar such that she did not get credit for it.

15. On or about March 6, 2018, Ms. DeLeo exercised her FMLA leave rights in the morning in order to escort her mother to a medical appointment.  In the afternoon, Ms. Cortese summoned Ms. DeLeo to a meeting, at which time Ms. Cortese informed Ms. DeLeo that the defendant was terminating her for a "policy violation."  Neither Ms. Cortese nor anyone else associated with the defendant ever identified for Ms. DeLeo what policy she had supposedly violated and how she had supposedly violated it.  The defendant's sudden termination of Ms. DeLeo, which was not preceded by any warning that Ms. DeLeo's employment was somehow in jeopardy, marked the first time in Ms. DeLeo's nearly 19-year career with the defendant that the defendant ever subjected Ms. DeLeo to any sort of discipline.

## COUNT I

### (Interference in Violation of 29 U.S.C. §2615 (a)(1))

16. The allegations of the preceding paragraphs are incorporated herein by reference.

17. Ms. DeLeo was eligible for the protections of the FMLA, because as of January 31, 2018, she had worked for the defendant for at least a year and had worked in excess of 1,250 during the preceding twelve (12) months.

18. The defendant was at all relevant times a covered employer under the FMLA.

19. Ms. DeLeo was entitled to leave under the FMLA because she needed to care for a parent with a serious health condition.

20. Ms. DeLeo gave the defendant notice of her intention to exercise her FMLA rights.

21. By terminating Ms. DeLeo, the defendant denied her FMLA leave benefits to which she was entitled.

22. As a direct and proximate result of the defendant's interference with Ms. DeLeo's FMLA-protected rights, Ms. DeLeo has suffered and continues to suffer damages, including but not limited to compensation lost by Ms. DeLeo as a result of the defendant's interference, interest on such amount, liquidated damages in an additional amount equal to the sum of the actual damages and the interest, plus attorney's fees and costs.

## COUNT II

### (Retaliation in Violation of 29 U.S.C. §2615(a)(2))

23. The allegations of the preceding paragraphs are incorporated herein by reference.

24. Ms. DeLeo availed herself of a protected FMLA right, exercising her right to take intermittent FMLA leave to care for a parent with a serious health condition.

25. Ms. DeLeo was adversely affected by the defendant's decision to terminate her employment.

26. The causal connection between Ms. DeLeo's protected activity in exercising her leave rights on the one hand, and her firing on the other hand, is evidenced by such things as the close temporal proximity between Ms. DeLeo's protected activity and the defendant's adverse employment action against her, her supervisor's hostile reaction to learning of her application for FMLA leave, her supervisor's introduction of previously unmentioned alleged performance concerns in a meeting to discuss Ms. DeLeo's FMLA leave, her supervisor's revocation of Ms. DeLeo's responsibility for a certain loan in said meeting to discuss Ms. DeLeo's FMLA leave, and the pretextual nature of the stated reason for the termination.

27. As a direct and proximate result of the defendant's retaliation against Ms. DeLeo for exercising her FMLA-protected rights, Ms. DeLeo has suffered and continues to suffer damages, including but not limited to the amount of compensation lost by Ms. DeLeo as a result of the defendant's interference, interest on such amount, liquidated damages in an additional amount equal to the sum of the actual damages and the interest, plus attorney's fees and costs.

WHEREFORE, the plaintiff Lori DeLeo respectfully prays this Honorable Court:

A. Schedule this matter for trial by jury, and after trial;

B. Find the defendant liable for interference with the plaintiff's FMLA-protected rights in violation of 29 U.S.C. §2615(a)(1);

C. Find the defendant liable for retaliation against the plaintiff for her exercise of her FMLA-protected rights in violation of 29 U.S.C. §2615(b)(1);

D.     Award the plaintiff damages for the compensation lost by Ms. DeLeo as a result of the defendant's interference and retaliation, interest on such amount, and liquidated damages in an additional, amount equal to the sum of the actual damages and the interest;

E.     Award the plaintiff attorney's fees and costs; and

F.     Grant such other and further relief as is just and equitable.

                                                  Respectfully submitted,
                                                  LORI G. DELEO
                                                  By her attorneys,
                                                  DOUGLAS, LEONARD & GARVEY, P.C.

Date:  June 1, 2018                    By:    /s/ Benjamin T. King
                                                  Benjamin T. King, NH Bar #12888
                                                  14 South Street, Suite 5
                                                  Concord, NH 03301
                                                  (603) 224-1988
                                                  benjamin@nhlawoffice.com